The next case on the calendar is J.P. Morgan Chase v. Karras. Good morning, Your Honor. May it please the Court. My name is Brent Tantello and I represent the appellant in this matter, Richard Karras, who is here today. Your Honor, this case is a lot like the old Grateful Dead song called Truckin'. What a long, strange trip it has been. As you have reviewed the procedural history of this matter... It's not even over. Your Honor, it's not even... The trip is still... It's still ongoing, that's correct, and there's been a lot of ping-pong going back and forth, no doubt. However, Your Honors, I want you to remember three things as to why this case, as we believe, should remain in federal district court for the District of Connecticut and why the order of remand issued by the Connecticut District Court is, in fact, reviewable by Your Honors. First, there is jurisdiction. Chase's primary argument, really their only argument, is that this honorable court does not have jurisdiction to review the remand order by Judge Hall, pursuant to 28 U.S.C. section 1447D. First, as outlined in our reply brief on page 10, Chase has always recognized the district court had appropriate jurisdiction over this matter, and they argued such in their objection to remanding the case back to state court. As Chase so eloquently states, quote, the federal system routinely handles foreclosure matters, unquote. Furthermore, there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. Nobody disputes this. The reality is that the case should never have been remanded to state court, and federal courts should be jealous over their jurisdiction. Well, your client never objected to remand in 2012. That's correct, Your Honor. And litigated for several years in state court in Connecticut. Your Honor, I would state that Mr. Kares, at that point in time, was underrepresented. He did not know of what was happening. He was what? He was underrepresented. He did have counsel, but he was never advised of the fact that the order shall cause was presented to him at that point. So he was unaware of the fact that this was happening. He was unaware of what? Unaware of the fact that the case was going to be remanded back to state court. He didn't participate in the case in state court after the remand? He did afterwards, most definitely, Your Honor. And what's the status of that state court litigation, foreclosure action? That case is currently on appeal, is my understanding, at the Connecticut Appellate Court. Your Honor, the only reason that this case was remanded in both instances, in 2012 and 2017, was that the district court issued orders to show cause. Despite there being complete diversity of citizenship between the parties, and the amount in controversy was in excess of $75,000. But hadn't J.P. Morgan been pressing the notion of remand, that this was really, in essence, most appropriately litigated in the state, and that they raised the question that the notice of removal was untimely? They did in 2017, that's correct. In 2012, they actually fought the remand. They actually stated that it was more appropriate to stay in district court. So basically, there's some inconsistency there, Your Honor. Second, Your Honor, this court does have the ability to review remand orders that are the result of sua sponte orders of the court, rather than a motion of any party, which is what occurred here. No party in this case ever asked for this case to be sent back to the Superior Court in Connecticut. Here, Chase merely alleged a procedural defect in the remand. You mean the sua sponte? That's correct, Your Honor. But they never actually filed any motion seeking a remand. Well, isn't that because the district court essentially put out an order to show cause why the matter shouldn't be remanded the same day or the day after it was removed? I believe it was like maybe two days afterwards. That's correct, Your Honor. And then J.P. Morgan said it shouldn't be remanded at that point. They did respond. So they didn't really need to make a formal motion. They were responding to the order to show cause. Right, but here, once again, there was never an actual motion seeking the remand of the case. A what? Well, I think it matters, Your Honor, because I think here is a specific case where the federal court jurisdiction was appropriate. Was your client represented or underrepresented? He was pro se at that point, Your Honor. And there's a significant difference because the reality is, Your Honors, is that this particular case was appropriately cited in federal district court. It should never have gotten sent back. But nevertheless, the district court made a decision to file an order to show cause and decided to send it back, sua sponte, without any particular motion. Now, Chase does assert in their briefs, obviously, as Your Honor said, that they did file a response to that saying that it was most appropriately cited in the Connecticut district court, Superior Court, excuse me. Your Honor, third and finally, a motion asserting procedural defect must be made within 30 days of removal. This never happened, Your Honors. Rather, Mr. Karras removed the case on August 2, 2017, and the order remand was not issued until September 6 of 2017, clearly more than the 30 days required as set out in the case of Hamilton v. Edna Life. But wasn't that, again, because your client asked for continuances? He did, and at that point in time, on August 2, he did have a stroke after he filed the remand. And the fact of the matter is that despite the magistrate court judge providing him a continuance, Judge Hall, sua sponte, made the decision to send the case back to the Connecticut Superior Court. The fact of the matter is that Mr. Karras, at that point in time, was in no position to be able to respond to any of these types of motions and did not have counsel at that point. What's the end game here now for your client at this stage in light of the state proceeding, which is on appeal, you say? That's correct. Did he lose that case? Yes, Your Honor, he did. So he was foreclosed? Well, he hasn't been evicted from his home yet. That's correct, Your Honor. Well, I think our position would be that the case should be sent back to federal district court where there can be real discovery. You mean to reexamine foreclosure? Yes, Your Honor. Because the fact of the matter is that he was never able to fully elucidate or receive any kind of discovery in this matter, and it's our position that the case should always have stayed in federal district court. What kind of discovery did he need? Well, in this particular matter, Your Honor, there's numerous allegations about whether or not even the note in which they're foreclosing on is legitimate. And he has an expert now who has alleged that it's not, a former J.P. Morgan Chase employee. So he would like to explore that discovery. He was unable to do that in the state foreclosure? That's correct. So in conclusion, Your Honor, we ask you to end the long and strange trip that this case has taken and remand the case back to the district court where it belongs. Thank you. Good morning, Your Honors. I'm Attorney Brian Rich. I'm here with Logan Carducci. I represent the plaintiff, Apolli J.P. Morgan Chase. May it please the Court. Your Honor, I agree with counsel that this has been a long, strange journey, and I'd just like to highlight a few points along the way of that journey. This case was originally remanded by the Connecticut District Court in, I believe, September of 2012, after Judge Bryant, the judge in that case, had issued an order to show clause to which only J.P. Morgan Chase responded, essentially indicating its assent to the fact that the matter should be remanded to the state court. For approximately four years, the matter continued to be pending in state court. I believe there was some interruption due to bankruptcy stays at particular points in time, until 2016, when Mr. Kares attempted to remove the matter to the Southern District of New York. Ultimately, that was remanded by Judge Daniels of the Southern District in 2016. In 2017, of course, which gives rise to the instant appeal, Mr. Kares attempted to remove the case again, this time in the District of Connecticut. It's not without coincidence, or it's not without coincidence, that both of these events happened on the eve of state court trial proceedings. Could I just ask one point of information? Does J.P. Morgan Chase dispute that there is diversity jurisdiction here? I don't think we credibly can. The short answer is no, Your Honor. We alleged diversity jurisdiction back in 2010, when the foreclosure claim was filed, so no is the short answer, Your Honor. So again, these events all occurred on the eve of foreclosure trials. The tortured procedural history that implicates the federal courts all coincidentally happens when state court events are taking place, I would note for the record. Counsel's assertion that discovery was not available in the state court, I believe, is simply without merit. There was certainly ample opportunity for discovery. Mr. Kares was represented during much of the state court proceedings by counsel. Now, turning to the sort of instant issue. So you're saying in the state court proceeding you know of no constraint that would have prevented him from obtaining the kind of discovery about the legitimacy or validity, authenticity of those documents that were the basis for the foreclosure? Absolutely not, Your Honor. In August of 2017, when Mr. Kares removed the action, again, to the District of Connecticut, Judge Hall, as Your Honor noted, issued an order to show cause. J.P. Morgan responded, I believe, on the same day, requesting a telephonic status conference. Mr. Kares subsequently filed motions for extension of time to respond to the motion to order to show cause. J.P. Morgan objected on August 31st, within the 30-day window from the removal, indicating that it believed the matter should be remanded. And long story short, there were a lot of pleadings along the way, but a very long story short, Judge Hall responded one week later, remanding the matter to the state court. The alleged procedural defect at issue here is whether Judge Hall had the authority to do that beyond the 30 days as referenced within the statutes. In the first instance, I would submit that, in fact, J.P. Morgan did file what can functionally be termed as a remand request. Granted, for the reasons I believe Your Honor identified, it was not styled as a formal motion for remand, but it was clearly a request for the district court to remand the matter to the state court. That was pending. Clearly, the case law, I believe, all the extant case law in the briefing, provides that that's appropriate, that a judge do that in the case of a timely filed remand request. Even disregarding, however, even if you do not accept the proposition that Judge Hall, or if you accept the proposition, I should say, that Judge Hall did the sua sponte, despite the fact that J.P. Morgan Chase had requested remand. I believe that it's incumbent upon Mr. Karras to show something more as to why the order was flawed, and he simply can't. Judge Hall's decision lists, I believe, three bases for why remand is appropriate in this case. She indicates that there's no federal question jurisdiction. She indicates the law of the case, that Judge Bryant had already decided these issues some five years earlier. So her decision is very well reasoned in that regard. And I want to get to just the third point, because I realize I'm running out of time, which is the practical effect. I believe Your Honor asked what the end game is here. In the end game, if I'm following what Mr. Karras is seeking, is to undo a state court foreclosure judgment that's presently pending with the Connecticut Appellate Court, which raises, to say the least, a host of hurdles, state federalism concerns, the Rucker-Feldman Doctrine, the Anti-Injunction Act, just to name a few of the plethora of procedural obstacles to doing so. So for all of those reasons, Your Honors, I would request that the district court's order be upheld. Thank you. Thank you both. We'll take the matter under advisement. The next case on the calendar is United States v. West Lusitian.